Denise M. De Mory (CA Bar No. 168076)
ddemory@bdiplaw.com
Christina M. Finn (CA Bar No. 247838)
cfinn@bdiplaw.com
Cliff Win, Jr. (CA Bar No. 270517)
cwin@bdiplaw.com
BUNSOW DE MORY SMITH & ALLISON LLP
600 Allerton Street, Suite 101
Redwood City, CA  94063
Telephone:  415-426-4747
Facsimile:  415-426-4744

Michael D. Rounds (Nevada Bar No. 4734)
mrounds@watsonrounds.com
WATSON ROUNDS
10000 West Charleston Blvd., Suite 240
Las Vegas, NV 89135
Telephone: 702-636-4902
Facsimile: 702-636-4904

*Attorneys for Plaintiff*
NXP B.V.

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| NXP B.V.,<br><br>                 Plaintiff,<br><br>v.<br><br>BROADCOM CORPORATION<br><br>                 Defendant. | CASE NO.<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**JURY DEMAND** |

Plaintiff NXP B.V. ("NXP") for its complaint against Broadcom Corporation ("Broadcom") on personal knowledge as to its own actions and on information and belief as to all others based on its investigation, hereby alleges as follows:

**JURISDICTION AND VENUE**

1. This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. §§ 100, *et seq.* This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331, 1332 and 1338(a).

2. This Court has personal jurisdiction over Broadcom. Broadcom has ongoing and systematic contacts within, and/or has otherwise directed activities toward, the State of Nevada and this judicial district, including but not limited to: (i) by manufacturing (directly or indirectly through third party manufacturers) and/or assembling products that are and have been used, offered for sale, sold, and/or purchased in the District of Nevada, including Las Vegas, Nevada, and (ii) by regularly conducting or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to the residents of the State of Nevada and this judicial district.

3. Broadcom also, directly and/or through its distribution network and other intermediaries, uses, markets, imports, distributes, offers for sale, and or sells its products, including without limitation, the BCM43341, BCM20791, BCM20792, BCM20793, and BCM20794 products in the State of Nevada and this judicial district.

4. Broadcom has purposefully and voluntarily placed one or more of its infringing products, including without limitation, the BCM43341, BCM20791, BCM20792, BCM20793, and BCM20794 products into the stream of commerce, which stream is directed at the District of Nevada, with the knowledge and/or understanding that such products will be used or incorporated into downstream devices and appliances purchased by consumers in this judicial district, including by directly or indirectly working with subsidiaries, regional distributors, and other entities to ensure that its products reach the State of Nevada and this judicial district.

5. Broadcom has purposefully availed itself of the privilege of conducting business activities within the State of Nevada and this judicial district, which activities infringe one or more claims of the United States patents owned by NXP, causing injury in the State of Nevada and this judicial district.  Therefore, exercise of jurisdiction over Broadcom would not offend traditional notions of fair play and substantial justice.

6. For example, Broadcom has repeatedly used, marketed, demonstrated, offered for sale, and/or sold its products including without limitation, the BCM43341, BCM20791, BCM20792, BCM20793, and BCM20794 products at trade events in Las Vegas.

7. Broadcom has encouraged, instructed and/or actively induced the incorporation of its infringing products into downstream devices and appliances such as video game consoles (*e.g.*, Nintendo WiiU) that are used, marketed, demonstrated, offered for sale, and/or sold in the State of Nevada and this judicial district.

8. Broadcom has offered sales and distribution support for its products and services specifically to the State of Nevada, assigning particular sales and distributors to cover the State of Nevada, on its website at http://www.broadcom.com/contact/sales_offices.php and http://www.broadcom.com/contact/distributors.php

9. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b), (c) and 1400(b).  NXP believes and based thereon, alleges, that Broadcom resides in this judicial district within the meaning of 28 U.S.C. § 1391(c), and further, that Broadcom has been and is committing, contributing to, and/or inducing acts of patent infringement in this judicial district, provides goods or services and does business in this judicial district, and that Broadcom is subject to personal jurisdiction in this judicial district.

10. Broadcom is registered to conduct business in Nevada, where its registered agent, National Registered Agents, Inc. of Nevada, is located at 311 S. Division St., Carson City, Nevada, 89703.

11. Broadcom regularly travels to Las Vegas, Nevada to use, market, offer for sale, or sell its products at various trade events such as the Consumer Electronics Show ("CES") and

the Computer Dealers' Exhibition ("COMDEX").  For example, upon information and belief, Broadcom's employees have conducted such activities every year at CES in Las Vegas since at least as early as 2005.

12. Several Broadcom employees including product line director Ron Wong, product marketing director Mohamed Awad, and Chief Executive Officer Scott McGregor offered demonstrations and interviews relating to the infringing features and functionalities of Broadcom's products, including one or more of the BCM43341, BCM20791, BCM20792, BCM20793, and BCM20794 products at the 2012 and 2013 CES events in Las Vegas.

## PARTIES

13. Plaintiff NXP is incorporated under the laws of The Netherlands with its principal place of business at High Tech Campus 60, 5656 AG, Eindhoven, The Netherlands.

14. Upon information and belief, Defendant Broadcom is a corporation organized and existing under the laws of the state of California with its principal place of business at 5300 California Avenue, Irvine, California 92617.

## STATEMENT OF FACTS

15. This action arises out of Broadcom's infringement of five patents owned by NXP — U.S. Patent Nos. 6,563,882, 7,570,716, 8,203,432, 8,150,316, and 8,249,503 (collectively, the "NXP Patents in Suit").

16. United States Patent No. 6,563,882 ("the '882 patent"), titled *Write/Read Device For Communication With Transponders, Having First Coding Means And Second Coding Means*, was duly and lawfully issued May 13, 2003 by the United States Patent and Trademark Office ("USPTO").  NXP is the sole owner of all rights, title and interest in the '882 patent.  A true and correct copy of the '882 patent is attached hereto as Exhibit A.

17. United States Patent No. 7,570,716 ("the '716 patent"), titled *Data Carrier Provided With At Least Two Decoding Stages*, was duly and lawfully issued August 4, 2009 by the USPTO.  NXP is the sole owner of all rights, title and interest in the '716 patent.  A true and correct copy of the '716 patent is attached hereto as Exhibit B.

18. United States Patent No. 8,203,432 ("the '432 patent"), titled *Method Of Reading A Plurality Of Non-Contact Data Carriers, Including An Anti-Collision Scheme*, was duly and lawfully issued June 19, 2012 by the USPTO. NXP is the sole owner of all rights, title and interest in the '432 patent. A true and correct copy of the '432 patent is attached hereto as <u>Exhibit C</u>.

19. United States Patent No. 8,150,316 ("the '316 patent"), titled *Communication Partner Appliance With Automatic Send Mode Activation*, was duly and lawfully issued April 3, 2012 by the USPTO. NXP is the sole owner of all rights, title and interest in the '316 patent. A true and correct copy of the '316 patent is attached hereto as <u>Exhibit D</u>.

20. United States Patent No. 8,249,503 ("the '503 patent"), titled *Communication Partner Appliance With Automatic Send Mode Activation*, was duly and lawfully issued August 21, 2012 by the USPTO. NXP is the sole owner of all rights, title and interest in the '503 patent. A true and correct copy of the '503 patent is attached hereto as <u>Exhibit E</u>.

21. The NXP Patents in Suit are valid and enforceable.

22. Broadcom has had knowledge of the NXP Patents in Suit since at least as early April 9, 2013 when NXP provided direct notice to Broadcom of its infringement of NXP's patents.

23. Broadcom designs, makes, uses, sells, offers for sale, and/or supports semiconductor integrated circuit products, including but not limited to the BCM43341, BCM20791, BCM20792, BCM20793, and BCM20794 products, and other products that incorporate similar circuitry, operate in a similar manner, and/or have similar features and functionality.

24. Broadcom's semiconductor integrated circuit products are integrated into devices and appliances made used, sold, and sold by its customers including original equipment manufacturers ("OEMs"), distributors, and/or other third parties.

25. Broadcom is and has been directly infringing one or more of the NXP Patents in Suit by making, using, selling, offering to sell, and/or importing infringing products into the United States.

26. Broadcom is and has been contributorily infringing one or more of the NXP Patents in Suit by offering to sell or selling within the United States or importing into the United States a component of a patented machine, manufacture, combination, or composition, or a material or apparatus for use in practicing a patented process, constituting a material part of the claimed invention(s) of the NXP Patents in Suit, knowing the same to be especially made or especially adapted for use in an infringement of such patents, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

27. Broadcom is and has been actively inducing infringement of one or more of the NXP Patents in Suit by encouraging acts of direct infringement in the United States, when Broadcom has knowledge that it is inducing direct infringement in the United States.

28. Broadcom's acts of inducement of infringement include but are not limited to (a) selling to, supplying to, encouraging, helping design, and/or supporting OEMs to incorporate certain Broadcom products into devices sold by OEMS and/or third parties destined for the United States, and (b) encouraging and/or instructing third parties how to use certain Broadcom products, with the intent that these products be used by such third party entities to infringe the NXP Patents in Suit.

## COUNT I

### (Infringement of the '882 Patent)

29. NXP incorporates by reference the allegations of Paragraphs 1 through 28 above as if fully set forth herein.

30. Upon information and belief, in violation of 35 U.S.C. § 271(a), (b), (c) and/or (f), Broadcom is and has been directly and/or indirectly infringing, literally and/or under the Doctrine of Equivalents, one or more claims of the '882 patent, including but not limited to claim 1, by making, using, selling, offering to sell, and/or importing into the United States (and/or by

contributing to and/or inducing these acts), without authority, its integrated circuit products or processes that practice the inventions claimed in the '882 patent, including without limitation, the BCM43341, BCM20791, BCM20792, BCM20793, and BCM20794 products, and other integrated circuit products that incorporate similar circuitry, operate in a similar manner, and/or have similar features or functionality.

31. Upon information and belief, Broadcom is and has been actively inducing the infringement and/or contributed to the infringement of the '882 patent by actively encouraging acts of direct infringement knowing that it is inducing direct infringement by at least (a) selling to, supplying to, encouraging, helping design, and/or supporting OEMs to incorporate certain Broadcom products into devices sold by OEMS and/or third parties in the United States (*e.g.*, the Nintendo WiiU) and (b) encouraging and/or instructing third parties how to use certain Broadcom products, with the intent that these products be used by such third party entities to infringe the NXP Patents in Suit.

32. For example, upon information and belief, Broadcom offers, sells, and markets its products, including without limitation, the BCM43341, BCM20791, BCM20792, BCM20793, and BCM20794 products through its web site, YouTube video channel, Blog including CES related reports by the "Broadcom Blog Squad," trade show and convention activities, and through various other channels including U.S. distributors and/or third parties.

33. Upon information and belief, Broadcom has made, used, and demonstrated sample or prototype devices and/or appliances (*e.g.*, Nintendo WiiU) incorporating its products, including without limitation, the BCM43341, BCM20791, BCM20792, BCM20793, and BCM20794 products that comprise all the elements of the "write/read device" as set forth in the claims of the '882 patent.

34. Broadcom's product websites, brochures, demonstrations, prototype devices and/or appliances, as well as presentations and interviews offered by its employees at trade shows and conventions with respect to its products, including without limitation, the BCM43341, BCM20791, BCM20792, BCM20793, and BCM20794 products, instruct and encourage

Broadcom's customers, OEMs, and other third parties to incorporate these products, to thereby make, use, sell offer to sell and/or import devices and appliances in the United States that comprise all elements of the "write/read device" as set forth in the claims of the '882 patent. Broadcom is therefore aware that its customers (such as Nintendo) and other third parties are infringing the '882 patent by incorporating Broadcom products, including without limitation, the BCM43341, BCM20791, BCM20792, BCM20793, and BCM20794 products, as instructed and encouraged by Broadcom.

35. Upon information and belief, Broadcom's actions have been and are contributing to infringement of the '882 patent by offering to sell or selling within the United States or importing into the United States a component of a patented machine, manufacture, combination, or composition, or a material or apparatus for use in practicing a patented process, constituting a material part of the claimed invention(s) of the '882 patent, knowing the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial non-infringing use.

36. For example, as set forth above, upon information and belief, Broadcom's products, including without limitation, the BCM43341, BCM20791, BCM20792, BCM20793, and BCM20794 products, are designed, manufactured, and sold, so as to be incorporated in devices and/or appliances (*e.g.*, Nintendo WiiU) that comprise all elements of the "write/read device" as set forth in the claims of the '882 patent. Upon information and belief, the Broadcom products, including without limitation, the BCM43341, BCM20791, BCM20792, BCM20793, and BCM20794 products therefore have no substantial non-infringing uses.

37. Upon information and belief, Broadcom has induced the infringement and/or contributed to the infringement of the '882 patent by knowingly and with intent, actively encouraging its customers (such as Nintendo) to use Broadcom's infringing products, including without limitation, the BCM43341, BCM20791, BCM20792, BCM20793, and BCM20794 products, in a manner that constitutes direct infringement of one or more claims of the '882 patent.

38.     Broadcom has knowledge of the '882 patent at least as early as April 9, 2013 when NXP provided notice to Broadcom of its infringement of the '882 patent.

39.     Upon information and belief, Broadcom intends to continue its unlawful infringing activity related to the '882 patent.

40.     Broadcom's acts of infringement have caused damage to NXP, and NXP is entitled to recover from Broadcom the damages sustained by NXP as a result of Broadcom's wrongful acts in an amount subject to proof at trial.

## COUNT II

### (Infringement of the '716_Patent)

41.     NXP incorporates by reference the allegations of Paragraphs 1 through 28 above as if fully set forth herein.

42.     Upon information and belief, in violation of 35 U.S.C. § 271(a), (b), (c) and/or (f), Broadcom is and has been directly and/or indirectly infringing, literally and/or under the Doctrine of Equivalents, one or more claims of the '716 patent, including but not limited to claim 1, by making, using, selling, offering to sell, and/or importing into the United States (and/or by contributing to and/or inducing these acts), without authority, its integrated circuit products or processes that practice the inventions claimed in the '716 patent, including without limitation, the BCM43341, BCM20791, BCM20792, BCM20793, and BCM20794 products, and other integrated circuit products that incorporate similar circuitry, operate in a similar manner, and/or have similar features or functionality.

43.     Upon information and belief, Broadcom is and has been actively inducing the infringement and/or contributed to the infringement of the '716 patent by actively encouraging acts of direct infringement knowing that it is inducing direct infringement by at least (a) selling to, supplying to, encouraging, helping design, and/or supporting OEMs to incorporate certain Broadcom products into devices sold by OEMS and/or third parties in the United States (*e.g.*, Nintendo WiiU), and (b) encouraging and/or instructing third parties how to use certain

Broadcom products, with the intent that these products be used by such third party entities to infringe the NXP Patents in Suit.

44. For example, upon information and belief, Broadcom offers, sells, and markets its products, including without limitation, the BCM43341, BCM20791, BCM20792, BCM20793, and BCM20794 products through its web site, YouTube video channel, Blog including CES related reports by the "Broadcom Blog Squad," trade show and convention activities, and through various other channels including U.S. distributors and/or third parties.

45. Upon information and belief, Broadcom has made, used, and demonstrated sample or prototype devices and/or appliances (*e.g.*, Nintendo WiiU) incorporating its products, including without limitation, the BCM43341, BCM20791, BCM20792, BCM20793, and BCM20794 products that comprise all the elements of the "device" as set forth in the claims of the '716 patent.

46. Broadcom's product websites, brochures, demonstrations, prototype devices and/or appliances, as well as presentations and interviews offered by its employees at trade shows and conventions with respect to its products, including without limitation, the BCM43341, BCM20791, BCM20792, BCM20793, and BCM20794 products, instruct and encourage Broadcom's customers, OEMs, and other third parties to incorporate these products, to thereby make, use, sell offer to sell and/or import devices and appliances in the United States that comprise all elements of the "device" as set forth in the claims of the '716 patent. Broadcom is therefore aware that its customers (such as Nintendo) and other third parties are infringing the '716 patent by incorporating Broadcom products, including without limitation, the BCM43341, BCM20791, BCM20792, BCM20793, and BCM20794 products, as instructed and encouraged by Broadcom.

47. Upon information and belief, Broadcom's actions have been and are contributing to infringement of the '716 patent by offering to sell or selling within the United States or importing into the United States a component of a patented machine, manufacture, combination, or composition, or a material or apparatus for use in practicing a patented process, constituting a

material part of the claimed invention(s) of the '716 patent, knowing the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial non-infringing use.

48.  For example, as set forth above, upon information and belief, Broadcom's products, including without limitation, the BCM43341, BCM20791, BCM20792, BCM20793, and BCM20794 products, are designed, manufactured, and sold, so as to be incorporated in devices and/or appliances (*e.g.*, Nintendo WiiU) that comprise all elements of the "device" as set forth in the claims of the '716 patent.  Upon information and belief, the Broadcom products, including without limitation, the BCM43341, BCM20791, BCM20792, BCM20793, and BCM20794 products therefore have no substantial non-infringing uses.

49.  Upon information and belief, Broadcom has induced the infringement and/or contributed to the infringement of the '716 patent by knowingly and with intent, actively encouraging its customers (such as Nintendo) to use Broadcom's infringing products, including without limitation, the BCM43341, BCM20791, BCM20792, BCM20793, and BCM20794 products, in a manner that constitutes direct infringement of one or more claims of the '716 patent.

50.  Broadcom has knowledge of the '716 patent at least as early as April 9, 2013 when NXP provided notice to Broadcom of its infringement of the '716 patent.

51.  Upon information and belief, Broadcom intends to continue its unlawful infringing activity related to the '716 patent.

52.  Broadcom's acts of infringement have caused damage to NXP, and NXP is entitled to recover from Broadcom the damages sustained by NXP as a result of Broadcom's wrongful acts in an amount subject to proof at trial.

## COUNT III

### (Infringement of the '432 Patent)

53.  NXP incorporates by reference the allegations of Paragraphs 1 through 28 above as if fully set forth herein.

54. Upon information and belief, in violation of 35 U.S.C. § 271(a), (b), (c) and/or (f), Broadcom is and has been directly and/or indirectly infringing, literally and/or under the Doctrine of Equivalents, one or more claims of the '432 patent, including but not limited to claim 11, by making, using, selling, offering to sell, and/or importing into the United States (and/or by contributing to and/or inducing these acts), without authority, its integrated circuit products or processes that practice the inventions claimed in the '432 patent, including without limitation, the BCM43341, BCM20791, BCM20792, BCM20793, and BCM20794 products, and other integrated circuit products that incorporate similar circuitry, operate in a similar manner, and/or have similar features or functionality.

55. Upon information and belief, Broadcom is and has been actively inducing the infringement and/or contributed to the infringement of the '432 patent by actively encouraging acts of direct infringement knowing that it is inducing direct infringement by at least (a) selling to, supplying to, encouraging, helping design, and/or supporting OEMs to incorporate certain Broadcom products into devices sold by OEMS and/or third parties in the United States (*e.g.*, Nintendo WiiU), and (b) encouraging and/or instructing third parties how to use certain Broadcom products, with the intent that these products be used by such third party entities to infringe the NXP Patents in Suit.

56. For example, upon information and belief, Broadcom offers, sells, and markets its products, including without limitation, the BCM43341, BCM20791, BCM20792, BCM20793, and BCM20794 products through its web site, YouTube video channel, Blog including CES related reports by the "Broadcom Blog Squad," trade show and convention activities, and through various other channels including U.S. distributors and/or third parties.

57. Upon information and belief, Broadcom's products, including without limitation, the BCM43341, BCM20791, BCM20792, BCM20793, and BCM20794 products, as designed, manufactured, and sold, comprise all the elements of the "integrated circuit for a data carrier" as set forth in the claims of the '432 patent.

58. Broadcom's product websites, brochures, demonstrations, prototype devices and/or appliances, as well as presentations and interviews offered by its employees at trade shows and conventions with respect to its products, including without limitation, the BCM43341, BCM20791, BCM20792, BCM20793, and BCM20794 products, instruct and encourage Broadcom's customers, OEMs, and other third parties to incorporate these products, to thereby make, use, sell offer to sell and/or import devices and appliances in the United States that comprise all elements of the "integrated circuit for a data carrier device" as set forth in the claims of the '432 patent.  Broadcom is therefore aware that its customers (such as Nintendo) and other third parties are infringing the '432 patent by incorporating Broadcom products, including without limitation, the BCM43341, BCM20791, BCM20792, BCM20793, and BCM20794 products, as instructed and encouraged by Broadcom.

59. Upon information and belief, Broadcom's actions have been and are contributing to infringement of the '432 patent by offering to sell or selling within the United States or importing into the United States a component of a patented machine, manufacture, combination, or composition, or a material or apparatus for use in practicing a patented process, constituting a material part of the claimed invention(s) of the '432 patent, knowing the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial non-infringing use.

60. For example, as set forth above, upon information and belief, Broadcom's products, including without limitation, the BCM43341, BCM20791, BCM20792, BCM20793, and BCM20794 products, are designed, manufactured, and sold, so as to be incorporated in devices and/or appliances (*e.g.*, Nintendo WiiU) that comprise all elements of the "integrated circuit for a data carrier device" as set forth in the claims of the '432 patent.  Upon information and belief, the Broadcom products, including without limitation, the BCM43341, BCM20791, BCM20792, BCM20793, and BCM20794 products therefore have no substantial non-infringing uses.

61.    Upon information and belief, Broadcom has induced the infringement and/or contributed to the infringement of the '432 patent by knowingly and with intent, actively encouraging its customers (such as Nintendo) to use Broadcom's infringing products, including without limitation, the BCM43341, BCM20791, BCM20792, BCM20793, and BCM20794 products, in a manner that constitutes direct infringement of one or more claims of the '432 patent.

62.    Broadcom has knowledge of the '432 patent at least as early as April 9, 2013 when NXP provided notice to Broadcom of its infringement of the '432 patent.

63.    Upon information and belief, Broadcom intends to continue its unlawful infringing activity related to the '432 patent.

64.    Broadcom's acts of infringement have caused damage to NXP, and NXP is entitled to recover from Broadcom the damages sustained by NXP as a result of Broadcom's wrongful acts in an amount subject to proof at trial.

## COUNT IV

### (Infringement of the '316 Patent)

65.    NXP incorporates by reference the allegations of Paragraphs 1 through 28 above as if fully set forth herein.

66.    Upon information and belief, in violation of 35 U.S.C. § 271(a), (b), (c) and/or (f), Broadcom is and has been directly and/or indirectly infringing, literally and/or under the Doctrine of Equivalents, one or more claims of the '316 patent, including but not limited to claim 8, by making, using, selling, offering to sell, and/or importing into the United States (and/or by contributing to and/or inducing these acts), without authority, its integrated circuit products or processes that practice the inventions claimed in the '316 patent, including without limitation, the BCM43341, BCM20791, BCM20792, BCM20793, and BCM20794 products, and other integrated circuit products that incorporate similar circuitry, operate in a similar manner, and/or have similar features or functionality.

67. Upon information and belief, Broadcom is and has been actively inducing the infringement and/or contributed to the infringement of the '316 patent by actively encouraging acts of direct infringement knowing that it is inducing direct infringement by at least (a) selling to, supplying to, encouraging, helping design, and/or supporting OEMs to incorporate certain Broadcom products into devices sold by OEMS and/or third parties in the United States (*e.g.*, Nintendo WiiU), and (b) encouraging and/or instructing third parties how to use certain Broadcom products, with the intent that these products be used by such third party entities to infringe the NXP Patents in Suit.

68. For example, upon information and belief, Broadcom offers, sells, and markets its products, including without limitation, the BCM43341, BCM20791, BCM20792, BCM20793, and BCM20794 products through its web site, YouTube video channel, Blog including CES related reports by the "Broadcom Blog Squad," trade show and convention activities, and through various other channels including U.S. distributors and/or third parties.

69. Upon information and belief, Broadcom has made, used, and demonstrated sample or prototype devices and/or appliances (*e.g.*, Nintendo WiiU) incorporating its products, including without limitation, the BCM43341, BCM20791, BCM20792, BCM20793, and BCM20794 products that comprise all the elements of the "circuit which includes a communication partner appliance" as set forth in the claims of the '316 patent.

70. Broadcom's product websites, brochures, demonstrations, prototype devices and/or appliances, as well as presentations and interviews offered by its employees at trade shows and conventions with respect to its products, including without limitation, the BCM43341, BCM20791, BCM20792, BCM20793, and BCM20794 products, instruct and encourage Broadcom's customers, OEMs, and other third parties to incorporate these products, to thereby make, use, sell offer to sell and/or import devices and appliances in the United States that comprise all elements of the "circuit which includes a communication partner appliance device" as set forth in the claims of the '316 patent. Broadcom is therefore aware that its customers (such as Nintendo) and other third parties are infringing the '316 patent by incorporating Broadcom

products, including without limitation, the BCM43341, BCM20791, BCM20792, BCM20793, and BCM20794 products, as instructed and encouraged by Broadcom.

71. Upon information and belief, Broadcom's actions have been and are contributing to infringement of the '316 patent by offering to sell or selling within the United States or importing into the United States a component of a patented machine, manufacture, combination, or composition, or a material or apparatus for use in practicing a patented process, constituting a material part of the claimed invention(s) of the '316 patent, knowing the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial non-infringing use.

72. For example, as set forth above, upon information and belief, Broadcom's products, including without limitation, the BCM43341, BCM20791, BCM20792, BCM20793, and BCM20794 products, are designed, manufactured, and sold, so as to be incorporated in devices and/or appliances (*e.g.*, Nintendo WiiU) that comprise all elements of the "circuit which includes a communication partner appliance device" as set forth in the claims of the '316 patent. Upon information and belief, the Broadcom products, including without limitation, the BCM43341, BCM20791, BCM20792, BCM20793, and BCM20794 products therefore have no substantial non-infringing uses.

73. Upon information and belief, Broadcom has induced the infringement and/or contributed to the infringement of the '316 patent by knowingly and with intent, actively encouraging its customers (such as Nintendo) to use Broadcom's infringing products, including without limitation, the BCM43341, BCM20791, BCM20792, BCM20793, and BCM20794 products, in a manner that constitutes direct infringement of one or more claims of the '316 patent.

74. Broadcom has knowledge of the '316 patent at least as early as April 9, 2013 when NXP provided notice to Broadcom of its infringement of the '316 patent.

75. Upon information and belief, Broadcom intends to continue its unlawful infringing activity related to the '316 patent.

76. Broadcom's acts of infringement have caused damage to NXP, and NXP is entitled to recover from Broadcom the damages sustained by NXP as a result of Broadcom's wrongful acts in an amount subject to proof at trial.

## COUNT V

### (Infringement of the '503 Patent)

77. NXP incorporates by reference the allegations of Paragraphs 1 through 28 above as if fully set forth herein.

78. Upon information and belief, in violation of 35 U.S.C. § 271(a), (b), (c) and/or (f), Broadcom is and has been directly and/or indirectly infringing, literally and/or under the Doctrine of Equivalents, one or more claims of the '503 patent, including but not limited to claim 1, by making, using, selling, offering to sell, and/or importing into the United States (and/or by contributing to and/or inducing these acts), without authority, its integrated circuit products or processes that practice the inventions claimed in the '503 patent, including without limitation, the BCM43341, BCM20791, BCM20792, BCM20793, and BCM20794 products, and other integrated circuit products that incorporate similar circuitry, operate in a similar manner, and/or have similar features or functionality.

79. Upon information and belief, Broadcom is and has been actively inducing the infringement and/or contributed to the infringement of the '503 patent by actively encouraging acts of direct infringement knowing that it is inducing direct infringement by at least (a) selling to, supplying to, encouraging, helping design, and/or supporting OEMs to incorporate certain Broadcom products into devices sold by OEMS and/or third parties in the United States (*e.g.*, Nintendo WiiU), and (b) encouraging and/or instructing third parties how to use certain Broadcom products, with the intent that these products be used by such third party entities to infringe the NXP Patents in Suit.

80. For example, upon information and belief, Broadcom offers, sells, and markets its products, including without limitation, the BCM43341, BCM20791, BCM20792, BCM20793, and BCM20794 products through its web site, YouTube video channel, Blog including CES

related reports by the "Broadcom Blog Squad," trade show and convention activities, and through various other channels including U.S. distributors and/or third parties.

81. Upon information and belief, Broadcom has made, used, and demonstrated sample or prototype devices and/or appliances (*e.g.*, Nintendo WiiU) incorporating its products, including without limitation, the BCM43341, BCM20791, BCM20792, BCM20793, and BCM20794 products that comprise all the elements of the "communication partner appliance" as set forth in the claims of the '503 patent.

82. Broadcom's product websites, brochures, demonstrations, prototype devices and/or appliances, as well as presentations and interviews offered by its employees at trade shows and conventions with respect to its products, including without limitation, the BCM43341, BCM20791, BCM20792, BCM20793, and BCM20794 products, instruct and encourage Broadcom's customers, OEMs, and other third parties to incorporate these products, to thereby make, use, sell offer to sell and/or import devices and appliances in the United States that comprise all elements of the "communication partner appliance device" as set forth in the claims of the '503 patent. Broadcom is therefore aware that its customers (such as Nintendo) and other third parties are infringing the '503 patent by incorporating Broadcom products, including without limitation, the BCM43341, BCM20791, BCM20792, BCM20793, and BCM20794 products, as instructed and encouraged by Broadcom.

83. Upon information and belief, Broadcom's actions have been and are contributing to infringement of the '503 patent by offering to sell or selling within the United States or importing into the United States a component of a patented machine, manufacture, combination, or composition, or a material or apparatus for use in practicing a patented process, constituting a material part of the claimed invention(s) of the '503 patent, knowing the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial non-infringing use.

84. For example, as set forth above, upon information and belief, Broadcom's products, including without limitation, the BCM43341, BCM20791, BCM20792, BCM20793,

and BCM20794 products, are designed, manufactured, and sold, so as to be incorporated in devices and/or appliances (*e.g.*, Nintendo WiiU) that comprise all elements of the "communication partner appliance device" as set forth in the claims of the '503 patent.  Upon information and belief, the Broadcom products, including without limitation, the BCM43341, BCM20791, BCM20792, BCM20793, and BCM20794 products therefore have no substantial non-infringing uses.

85. Upon information and belief, Broadcom has induced the infringement and/or contributed to the infringement of the '503 patent by knowingly and with intent, actively encouraging its customers (such as Nintendo) to use Broadcom's infringing products, including without limitation, the BCM43341, BCM20791, BCM20792, BCM20793, and BCM20794 products, in a manner that constitutes direct infringement of one or more claims of the '503 patent.

86. Broadcom has knowledge of the '503 patent at least as early as April 9, 2013 when NXP provided notice to Broadcom of its infringement of the '503 patent.

87. Upon information and belief, Broadcom intends to continue its unlawful infringing activity related to the '503 patent.

88. Broadcom's acts of infringement have caused damage to NXP, and NXP is entitled to recover from Broadcom the damages sustained by NXP as a result of Broadcom's wrongful acts in an amount subject to proof at trial.

## DEMAND FOR JURY TRIAL

89. NXP respectfully demands a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

90. WHEREFORE, Plaintiff NXP respectfully prays for judgment against the Defendant for the following:

   A. Patent infringement;

   B. Actual economic damages;

| | | |
|---|---|---|
| C. | Exemplary treble damages as allowed by law; | |
| D. | Injunctive relief as allowed by law; | |
| E. | Attorneys' fees; | |
| F. | Pre-judgment interest as allowed by law; | |
| G. | Costs of suit; and | |
| H. | All other relief in law or in equity to which NXP may show itself justly entitled. | |

DATED: October 15, 2013        WATSON ROUNDS

By: /s/ *Denise M. De Mory*
Denise M. De Mory, (CA Bar No. 168076)
*(will comply with LR IA 10-2 within seven days)*
Christina M. Finn (CA Bar No. 247838)
*(will comply with LR IA 10-2 within seven days)*
Cliff Win, Jr., (CA Bar No. 270517)
*(will comply with LR IA 10-2 within seven days)*
BUNSOW DE MORY SMITH & ALLISON LLP
600 Allerton Street, Suite 101
Redwood City, CA 94063
Telephone: 650-351-7248
Facsimile: 650-351-7253
Email: ddemory@bdiplaw.com
Email: cwin@bdiplaw.com

Michael D. Rounds (Nevada Bar No. 4734)
WATSON ROUNDS
10000 West Charleston Boulevard
Suite 240
Las Vegas, NV 89135
Telephone: 702-636-4902
Facsimile: 702-636-4904
Email: mrounds@watsonrounds.com

*Attorneys for Plaintiff*
NXP B.V.